# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-397V
(E-Filed: September 10, 2014)

| | | |
|---|---|---|
| JENNAH QUTUB, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master Hamilton-Fieldman |
| | * | |
| v. | * | |
| | * | Influenza ("Flu") Vaccination; |
| SECRETARY OF HEALTH AND | * | Shoulder Injury Related to Vaccine |
| HUMAN SERVICES, | * | Administration ("SIRVA"); Decision; |
| | * | Proffer. |
| Respondent. | * | |

Clifford J. Shoemaker, Shoemaker and Associates, Vienna, VA, for Petitioner.
Lisa A. Watts, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On June 20, 2012, Petitioner, Jennah Qutub, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). Petitioner alleged that the administration of an influenza vaccination on January 25, 2011, caused her to suffer a shoulder injury related to vaccine administration ("SIRVA").[2]

---

[1] Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Otherwise, "the entire" decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755,

Respondent submitted in a Proffer, filed on September 9, 2014, that based on the evidence of record, Petitioner should be awarded $206,652.15, and that Petitioner agrees to this amount.

The undersigned finds said proffer reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.  Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

> A lump sum total of $206,652.15, representing the discounted present value of Petitioner's projected vaccine-related injury expenses ($10,111.08), past lost earnings ($42,528.00), pain and suffering ($153,792.00), and past un-reimbursable expenses ($221.07) in the form of a check payable to Petitioner.

Proffer Section II, III.

The undersigned approves the requested amounts for Petitioner's compensation.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JENNAH QUTUB, ) | |
| ) | **ECF** |
| Petitioner, ) | |
| ) | |
| v. ) | No. 12-397V |
| ) | Special Master |
| SECRETARY OF HEALTH AND HUMAN ) | Lisa Hamilton-Fieldman |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I. Items of Compensation**

    A.    Life Care Items

Respondent proffers that, based on the evidence of record, petitioner should be awarded $10,111.08 for projected unreimbursable medical expenses. This amount reflects that the award for projected unreimbursable expenses has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(1), (f)(4)(A). Petitioner agrees.

    B.    Lost Earnings

The parties agree that based upon the evidence of record, it is unlikely that petitioner's vaccine-related injury will impact her future employment. Thus, future lost earnings under 42 U.S.C. § 300aa-15(a)(3)(A) are not appropriate in this case. However, petitioner did experience a total past loss of earnings in the amount of $42,528.00, and respondent proffers that amount be awarded to her. Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $153,792.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4), (f)(4)(A). Petitioner agrees.

    D.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $221.07. Petitioner agrees.

    E.    <u>Medicaid Lien</u>

Petitioner represents that there are no Medicaid liens outstanding against her.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

    A.    A lump sum payment of $206,652.15, representing the discounted present value of petitioner's projected vaccine-related injury expenses ($10,111.08), past lost earnings ($42,528.00), pain and suffering ($153,792.00), and past un-reimbursable expenses ($221.07) in the form of a check payable to petitioner.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

1. Guardianship

Petitioner is a competent adult.   Evidence of guardianship is not required in this case.

### III. Summary of Recommended Payments Following Judgment

A. Lump sum paid to petitioner for future vaccine-related expenses, past unreimbursable expenses, past lost earnings, and pain and suffering: **$206,652.15**

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE.
Senior Trial Counsel
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.   20044-0146
Telephone: (202) 616-4099

Dated: September 9, 2014.